[786 NYS2d 870]

In the Matter of J. ELDON OWENS, an Attorney, Respondent. GRIEVANCE COMMITTEE OF THE EIGHTH JUDICIAL DISTRICT, Petitioner.

Fourth Department, December 30, 2004

### APPEARANCES OF COUNSEL

*Margaret C. Callanan, Principal Counsel, Eighth Judicial District Grievance Committee*, Buffalo, for petitioner.

*Richard T. Sullivan*, Buffalo, for respondent.

### OPINION OF THE COURT

Per Curiam.

Respondent was admitted to the practice of law by this

Court on April 8, 1970, and maintains an office for the practice of law in Buffalo. The Grievance Committee filed a petition charging respondent with acts of misconduct arising from his representation of two estates. Respondent filed an answer denying material allegations of the petition and, by order entered March 19, 2004, a referee was assigned to conduct a hearing. Prior to the hearing, the parties executed a stipulation resolving most of the outstanding factual issues. The Referee filed a report, which the Grievance Committee moves to confirm. Respondent filed papers in opposition to the motion, and appeared before this Court and submitted matters in mitigation.

The Referee found that respondent, as attorney for an estate, allowed the funds in the estate account to escheat to the State, resulting in a loss of a portion of the funds. Additionally, with respect to another estate represented by respondent, the Referee found that the untimely delivery of completed tax returns by respondent to the executor of the estate resulted in the assessment of penalties and interest against the estate.

We confirm the findings of fact made by the Referee and conclude that respondent has violated the following Disciplinary Rules of the Code of Professional Responsibility:

DR 1-102 (a) (5) (22 NYCRR 1200.3 [a] [5])—engaging in conduct that is prejudicial to the administration of justice;

DR 6-101 (a) (3) (22 NYCRR 1200.30 [a] [3])—neglecting a legal matter entrusted to him;

DR 7-101 (a) (1) (22 NYCRR 1200.32 [a] [1])—failing to seek the lawful objectives of a client through reasonably available means permitted by law and the Disciplinary Rules;

DR 7-101 (a) (2) (22 NYCRR 1200.32 [a] [2])—failing to carry out a contract of employment entered into with a client for professional services; and

DR 7-101 (a) (3) (22 NYCRR 1200.32 [a] [3])—prejudicing or damaging a client during the course of the professional relationship.

We have considered the matters submitted by respondent in mitigation, including that the beneficiaries of the estates incurred no loss as a result of his misconduct. Respondent, however, previously received letters of caution based upon similar misconduct. Accordingly, after consideration of all of the factors in this matter, we conclude that respondent should be

suspended for a period of six months and until further order of the Court.

GREEN, J.P., PINE, SCUDDER, GORSKI and HAYES, JJ., concur.

Order of suspension entered.